UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIALYSIS PATIENT CITIZENS, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 20-1664 (TSC) |
| ALEX M. AZAR II, Secretary of Health and Human Services, *et al.*, | |
| *Defendants*. | |

## DEFENDANTS' MOTION TO STRIKE

Plaintiffs Dialysis Patient Citizens ("DPC"), and DaVita Inc., Fresenius Medical Care Holdings, Inc., and U.S. Renal Care, Inc. (collectively, the "Provider Plaintiffs") filed their Amended Complaint in this action on July 13, 2020. *See* Dkt. #6. In their Opposition to Defendants' Motion to Dismiss and Cross-Motion for Summary Judgment and Reply In Support of Plaintiffs' Motion for Summary Judgment ("Opposition" or "Pls.' Opp."), Plaintiffs argue that they have standing to challenge CMS's promulgation of a Final Rule that, in relevant part, does not include outpatient dialysis among the facility types subject to quantitative time-and-distance requirements applicable to Medicare Advantage plans. DPC asserts it has associational standing because its members have been or imminently will be harmed by the risk of their chosen dialysis providers being terminated from Medicare Advantage plan networks. Pls.' Opp. 5-10. Meanwhile, the Provider Plaintiffs premise their Article III standing to maintain this suit on the so-called "competitor standing" theory of Article III standing. *Id.* at 12-15. That theory of standing permits a participant in a competitive market to assert injury for purposes of Article III by submitting affidavits or other evidence that "show an actual or imminent increase in competition" that "will almost certainly cause an injury in fact." *Sherley v. Sebelius*, 610 F.3d 69, 73 (D.C. Cir. 2010); *see also KERM, Inc. v. F.C.C.*, 353 F.3d 57, 60–61 (D.C. Cir. 2004) ("[Plaintiff] must make a

concrete showing that it is in fact likely to suffer financial injury as a result of the challenged action" to establish competitor standing.).  Both theories of standing rely on facts that post-date the filing of the Amended Complaint and may not be considered.

In support of their standing arguments, Plaintiffs submit five declarations.  They include, for present purposes, a declaration from a DPC member, Phyllis Lenss, and one from a Senior Director at DaVita, Zachary Dolzani.  Dkt. #30-2, #30-5; Dkt. #31-2, #31-5.[1]  Both declarations describe an event from August 2020—after the filing of the Amended Complaint—involving a Medicare Advantage organization, Humana, terminating its network participation agreement with DaVita. *See* Lenss Decl. ¶ 9; Dolzani Decl. ¶¶ 9-16.  Plaintiffs use this event to assert that Ms. Lenss now faces imminent harm of losing access to her preferred (DaVita) dialysis facility through her existing Humana Medicare Advantage plan, that DaVita has suffered a loss of business as a result of the Final Rule, and that the Provider Plaintiffs imminently face additional business losses from the Final Rule.

Because this is an Administrative Procedure Act (APA) case, and no party contends there is any basis to expand the record, review of the merits of Plaintiffs' claims is limited to the administrative record.  *See American Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001).  Accordingly, the only permissible basis for Plaintiffs' extra-record submissions is to establish Article III standing.  *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.4 (1992); *see also* Scheduling Order (Dkt. #19) ¶ 8.  It is black-letter law in this Circuit that standing must be determined "as of the time the suit commences," *Del Monte Fresh Produce Co. v. U.S.*, 570 F.3d 316, 324 (D.C. Cir. 2009).  That is, "the Court must measure standing by the state of the

---

[1] Plaintiffs filed each Declaration twice, because they filed their Opposition to Defendants' Motion to Dismiss and Cross-Motion for Summary Judgment and Reply In Support of Plaintiffs' Motion for Summary Judgment twice. *See* Dkt. #30 and #31.

world as of the date of the [a]mended [c]omplaint." *Gatore v. DHS*, 327 F. Supp. 3d 76, 91 (D.D.C. Aug. 24, 2018).

However, certain portions of the paragraphs 9 through 16 of the Dolzani Declaration, documents attached to the Dolzani Declaration, and paragraph 9 of the Lenss Declaration address an event,[2] the DaVita network termination, that post-dates the filing of the Amended Complaint. As such, Plaintiffs may not rely on this evidence to establish Article III standing.  *See Equal Rights Ctr. v. Post Props.*, 633 F.3d 1136, 1141-42 (D.C. Cir. 2011); *Save Jobs USA v. DHS*, 210 F. Supp. 3d 1, 6-7 (D.D.C. 2016) (Chutkan, J.), *rev'd on other grounds* 942 F.3d 504 (D.C. Cir. 2019). Accordingly, pursuant to Fed. R. Civ. P. 12(f), Defendants hereby move to strike these paragraphs, as well as all portions of Plaintiffs' Opposition Brief that reference them.[3]  Because these documents post-date the filing of the Amended Complaint, they are not properly before the Court on APA review, may not be considered in support of Plaintiffs' burden to demonstrate Article III standing, and must be struck.

## ARGUMENT

I.     Standard of Review

Federal Rule of Civil Procedure 12(f) permits a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  In the context of this case, an APA case, rule 12(f) applies in two different ways. First, because this is an APA case, the Court may only consider what was actually before the agency at the time of the decision. *See IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997).

---

[2] Attached hereto as Exhibits A and B are versions of the Dolzani and Lenss Declarations with redactions removing those parts of the Declarations that Defendants are asking the Court to strike.

[3] On November 5, 2020, undersigned counsel emailed counsel for all Plaintiffs concerning this motion and spoke by telephone with counsel for Plaintiff DaVita, Ari Holtzblatt. Counsel for DaVita has informed me that Plaintiffs oppose this motion.

Supplementation of the administrative record is appropriate only in three circumstances: "(1) if the agency deliberately or negligently excluded documents that may have been adverse to its decision, (2) if background information was needed to determine whether the agency considered all the relevant factors, or (3) if the agency failed to explain administrative action so as to frustrate judicial review." *City of Dania Beach v. F.A.A.,* 628 F.3d 581, 590 (D.C. Cir. 2010).  It is undisputed none of these exceptions are presented here, thus to the extent Plaintiffs rely on extra-record materials, they must be struck. *See, e.g.*, *IMS, P.C.*, 129 F.3d at 623-24 (striking non-record materials in APA case); *Cape Cod Hosp. v. Sebelius*, 677 F. Supp. 2d 18, 26-28 (D.D.C. 2009) (same); *Nat'l Wilderness Inst. v. United States Army Corps of Engineers*, 2005 WL 691775, at *12 (D.D.C. March 23, 2005) (same).

However, where a party's standing to challenge an administrative action is not self-evident, the D.C. Circuit has held that the party may submit factual matter outside the record "to the extent necessary to explain and substantiate its entitlement to judicial relief." *Sierra Club v. Envtl. Prot. Agency*, 292 F.3d 895, 900 (D.C. Cir. 2002).  The D.C. Circuit also requires that this evidence "set[] forth specific facts demonstrating [plaintiff] suffered an injury in fact that was actual or imminent at the time it filed suit." *See Equal Rights Ctr.*, 633 F.3d at 1141-42.  Should Plaintiffs' evidence postdate the complaint, it cannot be considered by the Court in support of Plaintiffs' standing claims and must be struck under rule 12(f).

II.    Plaintiffs May Not Submit Evidence In Support of Their Article III Standing Arguments that Post-Dates the Amended Complaint

Plaintiffs have submitted two declarations, from Ms. Lenss and Mr. Dolzani, that seek to introduce facts that post-date the date Plaintiffs filed their Amended Complaint, July 13, 2020. *See* Lenss Decl. ¶ 9; Dolzani Decl. ¶¶ 9-16.  Plaintiffs appear to suggest that they are entitled to supplement the record throughout the course of this litigation to update their allegations concerning

standing, notwithstanding the principle that standing is always, and only, ascertained based on facts in existence at the time a complaint is filed, or if an amended complaint is filed, at the time of the amended complaint. *See, e.g., Lujan*, 504 U.S. at 570 n.4; *Del Monte Fresh Produce Co. v. U.S.*, 570 F.3d at 324 (D.C. Cir. 2009); *Gatore*, 327 F. Supp. 3d at 91. The reason, as the D.C. Circuit has explained, is simple: the Court must "ensure[] that a litigant alleges such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction." *Chamber of Commerce of the United States v. EPA*, 642 F.3d 192, 199 (D.C. Cir. 2011).

This is true both at the motion to dismiss and summary judgment stage. *See, e.g.*, *Lujan*, 504 U.S. at 570 n.4 (holding, at summary judgment stage, that "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed"). Accordingly, where, as here, a party submits documents or evidence post-dating the filing of the operative pleading in support of standing, the D.C. Circuit has explained that the Court cannot consider them as part of its standing analysis at the summary judgment phase. *See Equal Rights Ctr.*, 633 F.3d at 1141-42 (holding, on appeal from summary judgment, that "existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed," and finding no standing because plaintiff relied on documents created after the filing of the lawsuit, and "neither document sets forth specific facts demonstrating [plaintiff] suffered an injury in fact that was actual or imminent at the time it filed suit"); *accord Chesapeake Climate Action Network v. Export-Import Bank*, 78 F. Supp. 3d 208, (D.D.C. 2015) (stating that generally at summary judgment "a party" asserting a substantive injury "has established standing if it shows that, at the time the complaint was filed"); *Friends of Animals v. Salazar*, 626 F. Supp. 2d 102, 110 (D.D.C. 2009) (rejecting reliance on allegations of harm occurring after the date complaint filed for

purposes of summary judgment because "standing depends on the facts as they exist when the complaint is filed.").

Indeed, this Court has excluded post-filing evidence on the issue of standing for this very reason:

> As a general matter, a court must base its review of agency actions solely on the record before the agency when it made its decision, *IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C.Cir.1997), though when necessary to establish standing, a plaintiff may "supplement the record to the extent necessary to explain and substantiate its entitlement to judicial review," *Sierra Club v. EPA*, 292 F.3d 895, 900 (D.C.Cir.2002). However, the "existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n. 4, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), and thus a plaintiff may not supplement the record with materials that post-date the complaint in order to establish standing. *See Tracie Park v. Forest Serv. of the U.S.*, 205 F.3d 1034, 1037–38 (8th Cir.2000) (holding plaintiff may not "use evidence of what happened after the commencement of the suit" to show "a real and immediate threat" of injury); *see also Perry v. Village of Arlington Heights*, 186 F.3d 826, 830 (7th Cir.1999) ("It is not enough for [the plaintiff] to attempt to satisfy the requirements of standing as the case progresses. The requirements of standing must be satisfied from the outset.").

*Save Jobs USA*, 210 F. Supp. 210, at 6.[4]

Because the certain portions of paragraphs 9-16 of the Dolzani Declaration, documents attached to the Dolzani Declaration, and paragraph 9 of the Lenss Declaration, seek to introduce facts that post-date the filing of the Amended Complaint, Plaintiffs cannot rely on them to demonstrate "actual or imminent" injury or causation for purposes of establishing standing as of July 13, 2020.  *See, e.g.*, *Lujan*, 504 U.S. at 570 n.4; *Equal Rights Ctr.*, 633 F.3d at 1141-42; *Worth v. Jackson*, 451 F.3d 854, 860 (D.C. Cir. 2006).

---

[4] While the Court's ultimate decision concerning competitor standing was subsequently reversed by the D.C. Circuit, the D.C. Circuit did not address the Court's ruling to exclude evidence. Indeed, the D.C. Circuit only relied on evidence that pre-dated the complaint, namely, the administrative record. *See* 942 F.3d at 509-10.

Therefore, pursuant to Fed. R. Civ. P. 12(f), the Court should strike these portions of the Dolzani and Lenss Declarations from the record, as well as all portions of Plaintiffs' Opposition relying on that evidence.  The attached Exhibit A and Exhibit B are copies of the Dolzani and Lenss Declarations, respectively, with redactions to remove the material that should be stricken. The Court should similarly not consider references to these portions of the declarations in Plaintiffs' Opposition.

## **CONCLUSION**

For these reasons, the Court should grant the Government's motion to strike certain portions of paragraphs 9 through 16 of the Dolzani Declaration, the documents attached to the Dolzani Declaration, and paragraph 9 of the Lenss Declaration, and any reference to this material in Plaintiffs' Opposition to Defendants' Motion to Dismiss and Cross-Motion for Summary Judgment and Reply In Support of Plaintiffs' Motion for Summary Judgment, and limit its analysis of Plaintiffs' Article III standing in this matter to facts in existence as of the date of the filing of the Amended Complaint, July 13, 2020.

Date: November 6, 2020                          Respectfully submitted,

                                                MICHAEL R. SHERWIN
                                                Acting United States Attorney

                                                DANIEL F. VAN HORN, D.C. Bar #924092
                                                Chief, Civil Division

                                                By:   /s/ *Johnny H. Walker*
                                                JOHNNY H. WALKER, D.C. Bar #991325
                                                Assistant United States Attorney
                                                555 4th Street, N.W.
                                                Washington, District of Columbia 20530
                                                Telephone: 202 252 2575
                                                Email: johnny.walker@usdoj.gov

                                                Counsel for Defendants